## In re Manor Township School District.

*School districts—Auditing of finances—Report of auditors—Right to file supplemental report—Death of tax collector within year—Charge against his estate for taxes due—School Code of May 18, 1911.*

1. Township auditors, auditing the finances of the township school district, may, by leave of court, within the year allowed for their report, be permitted to file a supplemental report charging a sum to be due by the estate of a deceased tax collector, after having completed their audit and filed with the secretary of the school district and the Court of Quarter Sessions a former report, by mistake omitting the said charge, and published the same as directed by the act of assembly, although the tax collector has died before the completion of the fiscal year covered by the report, and his widow has been authorized by the school board to collect the outstanding tax for the balance of the year under an additional bond.

2. The report of the township auditors is a mere preliminary and formal matter, pending the real issue as to whether the estate of the deceased tax collector and his sureties are liable for any amount of money to the school district.

3. Township auditors have certain duties imposed upon them to be performed at certain times, but if they fail to strictly carry out the directions of the act of assembly in this regard, that does not prevent the collection of any amounts properly due the school district.

School Code of May 18, 1911, art. xxvi, §§ 2604, 2614, 2615 and 2625, considered.

Rule to permit auditors to file a supplemental report. Q. S. Lancaster Co.

*Harnish & Harnish, H. Edgar Sherts* and *B. C. Atlee,* for rule.

*Harvey Lutz, John M. Groff* and *John E. Malone,* contra.

LANDIS, P. J., March 31, 1923.—By article XXVI, section 2601, of the School Code of May 18, 1911, P. L. 309, it was enacted that "the finances of every school district in this Commonwealth, in every department thereof, together with the accounts of all school treasurers, school depositories, teachers' retirement funds, teachers' institute funds, directors' association funds, sinking funds, and other funds belonging to or controlled by the district, shall be properly audited as follows: . . . Section 2604. In all school districts of the fourth class, by the proper borough or township auditors therein." Also,

4 D. & C.

In re Manor Township School District.

section 2614 directed that "in all school districts of the second, third and fourth class, when any sum is charged against any person, such person shall be notified by the auditors, at or before the time of filing their report, by mail or otherwise, of such fact, setting forth the amount charged against him;" and section 2615, that "in all school districts of the second, third and fourth class in this Commonwealth, the auditors' report of the finances of the district for the preceding fiscal year, as made by the auditors herein provided, shall be filed with the board of school directors and entered on the minutes of the board by the secretary thereof." Section 2625 also provided that "in every school district of the fourth class in this Commonwealth, the proper auditors, herein provided to audit the finances of the school district, shall meet annually with the board of school directors, on the first Monday of July, at the time of organization, or within five days thereafter, and carefully audit and adjust the financial accounts of the school district for the preceding school year. At the completion of the audit they shall make a careful statement, in duplicate, of the finances of the district for the preceding year, setting forth the assets and liabilities and an itemized statement of all receipts, expenditures and credits whatsoever of all school officials, and including therein any sums that have been charged against any person or persons, one copy of which annual statement shall be filed by such auditors with the secretary of the board of school directors and one in the Court of Quarter Sessions, and a summary thereof, including the assets and liabilities of the school district, shall be published in a newspaper having general circulation in the district, once a week for three successive weeks, beginning the first week after filing the same, or be promptly posted, by not less than six copies, in as many places in the district."

It appears that Arthur A. Grebinger was duly elected school tax collector for the Township of Manor for the term beginning July 1, 1921. He gave bond in the sum of $30,000, with the American Surety Company as his surety, and he thereupon entered upon his duties as school tax collector, received the tax duplicate and proceeded to collect the school taxes of the said township. He died on Dec. 22, 1921, and letters of administration on his estate were granted to Ida M. Grebinger, his widow, on Jan. 10, 1922. Subsequently these letters were revoked, and on June 9, 1922, letters of administration were granted to John W. Witmer.

The auditors of the township were Martin K. Strebig, Henry F. Binkley and F. S. Eshleman. They met on July 3, 1922, and proceeded to audit the accounts of the tax collector for the preceding year. John W. Witmer, the administrator of the estate of the said Arthur A. Grebinger, was present at the meeting. He brought there his books as administrator, but he did not produce the tax duplicate nor Grebinger's books.

On the minute-book of the township auditors the following entry was made:

"Millersville, Pa., July 3, 1922.

"Tax collector's report for school taxes for the year 1921-1922:

| | | |
|---|---|---|
| Amount of duplicate of 1921-22 | | $27,353.70 |
| Penalty of 5 per cent. on taxes not paid Oct. 1, 1921 | | 491.03 |
| | | $27,844.73 |
| Amount paid to Oct. 1, 1921 | $17,532.97 | |
| Amount paid after Oct. 1, 1921 | 3,722.85 | |
| Exonerations | 130.67 | |
| Balance due school district | 6,458.24 | |
| | | $27,844.73 |

In re Manor Township School District.

"We, the undersigned auditors, hereby find and adjudicate that there is a balance of $6458.24 due the Manor Township School District, which is not accounted for by the estate of A. A. Grebinger, and we charge the estate of A. A. Grebinger with the said amount of $6458.24 as balance due on duplicate of 1921-22 school tax."

In the report on file in the office of the Court of Quarter Sessions, the last paragraph in the above minute was not included. A blank form of report was sent by the State Department of Education, and this was used. The report, as published by hand-bills and posted in the township, was somewhat different in form, but not in amount, from that filed in the office of the Court of Quarter Sessions.

Prior to the date of the above minute, the following entry appeared on the minutes of the board of school directors:

"Millersville, Pa., Feb. 4, '22.

"The Manor School Board met in regular session at 12.30 P. M., in the High School office, with C. K. Herr, president, in the chair. The other members present were J. N. Lindeman, A. S. Brubaker, F. F. Brenner and Geo. F. Murry.

"The minutes of the previous meeting were read and approved.

"There being no unfinished business, the board proceeded to new business.

"The first in order was the paying of the teachers' salaries and such other bills as were approved by the board.

"The board was then authorized to borrow more money, $1700 from Millersville Bank and $900 from F. F. Brenner, or a total of $2600 for this month.

"The board authorized Mrs. Grebinger, administratrix, to collect the outstanding school taxes for 1921-22. She gave bond by a bonding company.

"There being no further business, the board adjourned, to meet March 4, 1922.                                                    F. F. Brenner, Sec.
                                                          C. K. Herr, Pres."

The township auditors again met on Dec. 18, 1922, and made a supplemental report. Added to this report is the following:

"We, the undersigned, the township auditors of the Township of Manor, County of Lancaster, State of Pennsylvania, auditing the finances of the said school district, have carefully audited and adjusted the financial accounts of the said school district for the school year ending July 3, 1922, and we do hereby charge against Arthur Grebinger, now deceased, late collector of school taxes of said school district, his heirs and legal representatives, the sum of Six Thousand Four Hundred and Fifty-eight and 24/100 ($6,458.24) Dollars."

On Feb. 3, 1923, the auditors presented their petition to this court, asking leave to file the supplemental report or audit made by them on Dec. 18, 1922, and thereupon this rule was granted. The administrator and the surety have filed answers, in which they claim that the auditors having completed their audit on July 25, 1922, having published the same as directed by the act of assembly, and having filed one copy with the secretary of the school district and another with the Clerk of Quarter Sessions, no power remains in them to file a supplemental audit.

It seems to me that this is a mere preliminary and formal matter, preceding the real issues between these parties. If Arthur A. Grebinger, as tax collector, was short in his accounts, then he and his surety ought to be held responsible for the amount of the shortage. A mere technicality should not be permitted to intervene between the school district and the parties responsible for the money due it. If, however, the amount claimed is not due, or if, for any tech-

4 D. & C.

nical reason, his estate and surety are not liable for the amount of the surcharge, such matters can be ascertained upon a trial. If a mere error was made by the auditors, I see no reason why it should not be corrected, and certainly the school district ought not to lose any money that is due to it for such a reason.

I am, therefore, of the opinion that this rule should be made absolute, and that the auditors should be permitted to file the audit of Dec. 18, 1922, giving due notice to all the parties concerned.

Township auditors have certain duties imposed upon them to be performed at certain times, but if they fail to strictly carry out the directions of the act of assembly in this regard, that does not prevent the collection of any amounts properly due to the school district. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa..